## Harvey's Estate.

*Auditor—Findings of fact—Orphans' court—Attorney's fee.*

The findings of fact of an auditor appointed to ascertain and determine the amount of compensation due to an attorney for an estate, will not be reversed by an appellate court, where such findings are based on sufficient evidence, and have been approved by the orphans' court.

Argued Oct. 27, 1914. Appeal, No. 69, Oct. T., 1914, by defendant, from decree of O. C. Northumberland Co., Sept. T., 1912, No. 19, dismissing exceptions to auditor's report in Estate of John Harvey, deceased. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Exceptions to report of Jefferson Shipman, Esq., auditor.

The opinion of the Superior Court states the case.

*Error assigned* was the decree of the court.

*William J. Brady,* with him *John C. Grady* and *James A. Comeford,* for appellant.

*Voris Auten,* with him *L. S. Walter* and *F. H. Strouss,* for appellee.

OPINION BY ORLADY, J., April 19, 1915:

The auditor appointed in this case was directed by his commission "to ascertain and determine the amount of compensation due one William B. Faust, Esq., as attorney for the estate and to restate the account."

The hearing before the auditor took a much wider scope than was authorized by the order of the court, but on final hearing on exceptions filed to the report of the auditor it was properly confined to the only issue presented, and the exceptions were overruled and the report confirmed.

After a full examination of the record we are not disposed to disturb the finding of facts by the auditor, which were approved by the orphans' court as they resulted from the consideration of disputed facts founded on oral testimony. After full hearing, the auditor has arrived at conclusions of law which are fully sustained by the authorities.

It was the undoubted right of the administrator to resist the claim of one who alleged he was acting as his counsel and the confirmation of the account fully protects him in that matter.

In restating the account, the balance in the hands of the accountant was determined, and the proper costs incident to that controversy may be disposed of on the final distribution of the fund.

The decree is affirmed.